19 F.3d 1435
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Calvin WILLIAMS, Petitioner-Appellant,
v.
G.E. HURST, Respondent-Appellee.
 No. 93-6261.
 United States Court of Appeals, Sixth Circuit.
 March 28, 1994.
 
 Before: KEITH and MARTIN, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 Calvin Williams, a pro se federal prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2241. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In April 1986, Williams was sentenced in the District of Columbia to thirty to ninety months of imprisonment following his conviction for assault with a deadly weapon. He was paroled from this sentence in October 1989. Thereafter, in April 1990, Williams pleaded guilty in federal court to one count of conspiracy to distribute Dilaudid. Subsequently, a District of Columbia Board of Parole issued and executed a parole violator warrant against Williams based on this intervening conviction. The Board convened a parole revocation hearing, but decided to continue the case; the hearing was never re-convened. Williams was sentenced to thirty-six months of imprisonment for his federal offense. The Bureau of Prisons interpreted his federal sentence to run after the expiration of his District of Columbia sentence.
 
 
 3
 In his petition for a writ of habeas corpus, Williams essentially argued that: 1) his parole from the District of Columbia sentence was improperly revoked without a hearing; and 2) he should be released from his federal custody as he has served his sentence. The district court dismissed the petition, concluding that the federal sentence was calculated correctly, and that it lacked authority to issue any orders concerning the execution of Williams's District of Columbia sentence. Williams has filed a timely appeal and a motion to proceed in forma pauperis on appeal.
 
 
 4
 Upon review, we affirm the district court's judgment because Williams has not shown that the proceedings against him were fundamentally unfair or that they resulted in his unjust confinement. Cf. Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990). Williams is not entitled to habeas relief on his claim that the District of Columbia revoked his parole without a hearing because he has not shown that he was actually prejudiced. Cf. Villarreal v. United States Parole Comm'n, 985 F.2d 835, 837 (5th Cir.1993) (per curiam). Williams was simply not prejudiced when his parole was revoked without a hearing. See Thompson v. Duke, 882 F.2d 1180, 1187 (7th Cir.1989), cert. denied, 495 U.S. 929 (1990); Taylor v. United States Parole Comm'n, 734 F.2d 1152, 1155 (6th Cir.1984).
 
 
 5
 Accordingly, we hereby grant Williams in forma pauperis status for purposes of this appeal and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.